IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2201-BO

| | | |
|---|---|---|
| JONATHAN JAY KRIEGER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SORRELL SAUNDERS, | ) | |
| Respondent. | ) | |

Jonathan Jay Krieger ("petitioner") petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sorrell Saunders ("respondent") moved to dismiss the case based on untimeliness and the filing of the petition outside the statute of limitations period [D.E. 6-7]. 28 U.S.C. § 2244(d)(1). Petitioner responded to the pending motion [D.E.9]. The matter is ripe for determination.

I.  Background

Petitioner is a prisoner of the State of North Carolina. On January 11, 1995, in the Superior Court of Granville County, petitioner pled guilty to one count of second-degree murder and one count of robbery with a dangerous weapon [D.E. 1 and D.E. 7 at Exhibit 1]. He was sentenced to a term of life imprisonment plus forty years. Id. Petitioner was represented by Bobby W. Rogers and Trey Duckworth during the arraignment, pleas, and sentencing [D.E. 1, Question 16].

On February 26, 2003, petitioner filed a motion for appropriate relief (MAR) which was denied on March 24, 2003 [D.E. 9 and D.E. 7, Exhibit 2 copy of order]. On April 9, 2003, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. Id. at Exhibit 4. On May 5, 2003, certiorari was denied. Id.

On November 15, 2004, petitioner filed another petition for a writ of certiorari in the North Carolina Court of Appeals, and on December 6, 2004, by court order the appellate court denied the petition [D.E. 7 at Exhibit 4].

On June 16, 2010, petitioner filed a second MAR in North Carolina Superior Court, and in an order dated June 28, 2010, that MAR was denied [D.E. 9 and D.E. 7 at Exhibit 5]. On August 9, 2010, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking for the court to review the denial of his second MAR, and on August 19, 2010, the appellate court denied the petition. Id. at Exhibit 6.

On August 12, 2010, petitioner filed a third MAR in the Superior Court, and in an order dated September 3, 2010, the third MAR was denied. Id. at Exhibit 7. On October 15, 2010, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking for the court to review the denial of his third MAR, and on November 2, 2010, the appellate court denied the petition. Id. at Exhibit 8.

On May 16, 2011, petitioner filed a fourth MAR in the Superior Court, and on May 18, 2011, the MAR was denied. Id. at Exhibit 9. On June 30, 2011, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking for the court to review the denial of his fourth MAR, and on July 11, 2011, the appellate court denied the petition. Id. at Exhibit 10.

On September 27, 2011, petitioner signed his § 2254 petition and it was filed in this court on October 17, 2011.

II.  Issues

Petitioner raises three issues: (1) his guilty plea was not knowingly, voluntarily, and intelligently entered because the trial court did not inform him of the direct consequences of the plea; (2) he received ineffective assistance of trial counsel; and (3) his sentence is constitutionally invalid.

III.  Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the

3

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

While petitioner's case became final for purposes of direct appellate review on January 11, 1995, this was prior to AEDPA becoming law on April 24, 1996. Thus, petitioner had one additional year or up to April 24, 1997, in order to timely file his current federal habeas petition. See 28 U.S.C. § 2244(d)(1); Hernandez v. Caldwell, 225 F.3d 435, 437-38 (4th Cir. 2000). Petitioner, however, did not file this federal habeas petition until September 27, 2011, and it is over 14 years out-of-time. Furthermore, none of petitioner's state court filings that he begin to file in February of 2003 both in the Superior Court and the North Carolina Court of Appeals could toll his one-year period of limitation because the statute had previously run. The matter is time-barred.

IV. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, Respondent's Motion to Dismiss [D.E. 6] the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. All other pending motions [D.E. 5] were fully considered with the motion to dismiss and DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 23 day of October 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE